IRVING, J.,
for the Court.
¶ 1. After a jury trial, Steven Kirkland was found guilty of possession of a schedule II controlled substance, methamphetamine, and was sentenced to seven years in the custody of the Mississippi Department of Corrections. Aggrieved, he appeals his conviction and asserts the following: (1) the court erred in finding that probable cause existed for the search warrant that led to Kirkland’s arrest, and (2) *539 the court erred in overruling Kirkland’s objection to the introduction of the methamphetamine into evidence.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. After receiving notice of potential illegal drug activity from management at the Western Motel in Philadelphia, Mississippi, police set up surveillance of room 125 at the motel. The room was rented by Chrystal McCrory, and was occupied by Kirkland and his girlfriend when a search warrant for the room was executed. Before obtaining the search warrant, law enforcement officers spent several hours conducting surveillance on the room. During that time, police observed suspicious activity, and eventually believed they had probable cause for a search warrant. After obtaining a warrant, police searched the room and found several incriminating items, namely methamphetamine and precursor material necessary for the manufacture of methamphetamine. The methamphetamine was found in the pocket of Kirkland’s pants, which were lying on the floor next to the bed he was lying on.
¶ 4. As a result of the search, Kirkland was charged with possession of methamphetamine and possession of precursor chemicals with intent to manufacture methamphetamine. At trial, he objected to both the search warrant and the entry of the methamphetamine into evidence. The court conducted a suppression hearing outside the presence of the jury, and ultimately found that there was probable cause for the search warrant, and the methamphetamine could be introduced into evidence. After deliberating for several hours, the jury returned a verdict of guilty as to the possession of methamphetamine, but was deadlocked on the second count. The judge granted a mistrial on the second count and sentenced Kirkland to seven years for possession of methamphetamine.
¶ 5. Additional facts follow as necessary below.
ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Probable cause

¶ 6. In his first point of error, Kirkland claims that the search warrant lacked probable cause, because there were numerous unnamed individuals whose information was relied on in the affidavit used to issue the warrant. Kirkland also claims that the affidavit “fails” the probable cause test used in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), because: “(1) the only information presented to the magistrate was that contained in the affidavit (2) because there was no basis for some of it, and (3) other information in the affidavit was conveyed by persons not identified in the affidavit.” On the basis of this argument, Kirkland urges us to find that the warrant was not valid as issued, which would then invalidate the methamphetamine evidence itself as “fruit of the search.”
¶ 7. Illinois sets out a totality of the circumstances test for probable cause, which was endorsed by the Mississippi Supreme Court in Lee v. State, 435 So.2d 674, 676 (Miss.1983). Under that test, the “task of the issuing magistrate is simply to make a practical, common-sense decision, whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.” Id. (quoting Illinois, 462 U.S. at 238, 103 S.Ct. at 2332).- When reviewing the decision of a lower court to issue a search warrant, “the duty of a *540 reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.Id. (quoting Illinois, 462 U.S. at 238,103 S.Ct. at 2332).
¶ 8. After reviewing all the evidence before us, we find that probable cause existed in this case. The primary agent in the case, Don Bartlett, submitted six pages of affidavit showing probable cause for the issuance of a warrant. Bartlett described his education and experience, the events leading to surveillance of room 125, and the observations of law enforcement officers during their surveillance. After reviewing all the given information, the issuing judge ruled that there was probable cause for the search warrant.
¶ 9. When describing his education and experience, Bartlett swore that: (1) he is a member of the Tri-County Narcotics Task Force; (2) he holds several degrees in criminal justice; (3) he served in the army for four years; (4) he had received training in basic police work and specific training in narcotics investigation; (5) he had served as an agent with the Mississippi Bureau of Narcotics for around two years; (6) he “regularly conducted surveillance, wrote investigative reports, made arrests,, conducted searches and seizures, testified in court and worked in close cooperation with local law enforcement”; (7) he had “participated in Federal and State Title III wiretap investigations and other covert investigations which have given me much experience and knowledge regarding the modus operandi of drug traffickers”; and (8) he had “conducted numerous Methamphetamine investigations and have been successful in apprehending those individuals responsible for the manufacture and distribution of Methamphetamine.... Your affiant has become ultimately familiar with the modus operandi of Methamphetamine users, manufacturers and distributors.”
¶ 10. Bartlett then went on to describe the specific events and circumstances that led to law enforcement observation of the motel room in question: (1) management at the Western Motel had complained to law enforcement about McCrory, who had previously rented rooms at the motel; (2) the management had specifically complained that a high volume of traffic went in and out of McCrory’s room whenever she rented; (3) law enforcement then received a tip that McCrory and others were manufacturing methamphetamine in the motel room; and (4) after the tip, law enforcement set up observation of room 125, which McCrory was currently renting.
¶ 11. While conducting surveillance of the room in question, Bartlett and other law enforcement officers observed: (1) people bringing identical white plastic bags to the room; (2) several people going to and from vehicles parked outside the room; (3) several people unloaded items such as white plastic bags, coolers, and boxes and took them into the room; (4) one of the vehicles that arrived was registered to a “known Methamphetamine user and trafficker”; (5) some of the people who went into the room parked in the back of the motel instead of parking near the room; (6) several of the people who went to the room stayed for only “a few minr utes” before leaving; (7) smokers left the room to smoke instead of staying in the room, important because of the “risk of igniting chemicals and gases in the air at a location where Methamphetamine is being manufactured is extremely high”; (8) officers observed a truck leaving the motel room and driving to a C02 plant in another town to get dry ice, “which is utilized in the manufacture of anhydrous ammonia, a necessary ingredient in the manufacture of Methamphetamine”; and (9) officers ob *541 served the same vehicle go to a Wal-Mart, which officers know is a common location to obtain many of the ingredients for Methamphetamine production. All of these observations were included in the affidavit presented for issuance of the search warrant.
¶ 12. After reviewing the affidavit, together with the underlying facts and circumstances, we find that there was probable cause to support the court’s issuance of a search warrant. Although the affidavit contained snippets of information from unnamed informants, the majority of the information came from the personal observations of Bartlett and other law enforcement officers. Even excluding the information provided by informants, the personal observations, combined with the experience and education of the officers, provided more than sufficient probable cause for the issuance of a search warrant. Although Kirkland attempts to draw a distinction between the observations of Bartlett and the observations of other law enforcement agents, we find any such distinction meaningless in this case. It is clear from Bartlett’s language in the affidavit for probable cause that he was reporting not only his own personal observations, but also the observations of other law enforcement personnel at the motel. Whether the information came from Bartlett or from other law enforcement personnel still observing the room, probable cause to search the room existed. The magistrate who issued the search warrant had a substantial basis for believing that probable cause to search the premises existed.
¶ 13. Therefore, Kirkland’s first point of error is rejected.

(2) Inclusion of methamphetamine in evidence

¶ 14. In his second point of error, Kirkland argues that the methamphetamine that led to his conviction should not have been admitted into evidence, because “[a] warrant to search designated premises does not authorize the search of a person found on the premises.”
¶ 15. We note that Kirkland’s standing to challenge the search is not without conflict. Although he presents as fact in his appeal brief that the room was rented for him, thus giving him standing to challenge the search, we note that he argued the opposite below. The only evidence introduced at trial regarding Kirkland’s connection to the hotel room was the testimony of an officer that Kirkland had told the officer that the room was rented for Kirkland, a factual assertion that Kirkland’s attorney strongly attacked below. Specifically, in his closing argument, Kirkland’s attorney argued that the renting of the room for his client “didn’t happen.”[1] This evidence is important, because if the room had not been rented for Kirkland, his standing to challenge the search would be in jeopardy.
¶ 16. Although we recognize Kirkland’s duplicity in arguing one thing below and the opposite on appeal, we still find that Kirkland had standing to challenge the search warrant, because the only evidence introduced at trial indicated that the room was in fact rented for him. With nothing else on the record before us, we cannot *542 find that Kirkland lacked standing to challenge the search.
¶ 17. Kirkland correctly states the law regarding the scope of searches, but misstates the facts leading to his arrest and conviction. It is true that a search warrant does not give law enforcement the right to search persons located on the premises to be searched, Ybarra v. Illinois, 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), but the methamphetamine in the current case was not found on Kirkland’s “person.” Had the methamphetamine been discovered after a search of Kirkland himself, the contraband would not have been admissible at trial. However, it was undisputed in this case that the methamphetamine was found in an article of clothing lying on the floor next to Kirkland, not on Kirkland himself.
¶ 18. We recognize that this case is a close one. Officers clearly picked up the clothing in question because they intended to give the clothes to Kirkland to cover himself. However, we still think this fell within the bounds of the issued search warrant. The officers would have had the authority to search items on the floor for contraband, especially after discovering precursor methamphetamine materials under clothing in other parts of the room. Therefore, the search did not violate Kirkland’s constitutional rights.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF POSSESSION OF METHAMPHETAMINE, A SCHEDULE II CONTROLLED SUBSTANCE, AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. We acknowledge that Kirkland's attorney may be referring to Kirkland's alleged statement as the event that “didn't happen.” However, since this was the only evidence introduced regarding Kirkland's connection to the room, it does not matter whether his attorney was attacking the evidence of the renting or the evidence of the statement. The effect was to assert to the jury that there was no evidence whatsoever that the room was rented for Kirkland by McCrory.